**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Garett R Soliven,

              Petitioner,

v.

Ryan Thornell, et al.,

              Respondents.

No. CV-24-01944-PHX-DJH

**ORDER**

Before the Court is the Petition for Writ of Habeas Corpus by a Person in State Custody (Non-Death Penalty) ("Petition") (Doc. 1) filed by *pro se* Petitioner Garett R Soliven ("Petitioner") pursuant to 28 U.S.C. § 2254 and the Report and Recommendation by U.S. Magistrate Judge Deborah M. Fine ("R&R") (Doc. 13). Judge Fine recommends the Petition be denied and dismissed with prejudice and a certificate of appealability be denied. Petitioner filed an Objection to the R&R (Doc. 14) and Respondents responded to those Objections (Doc. 15). Petitioner then filed a Motion to Strike Respondents' Response (Doc. 16). That Motion is fully briefed (Docs. 17, 18). Petitioner has also filed a Motion Requesting Status (Doc. 19).

**I.     The Petition and the R&R**

Petitioner asserts two grounds for relief in his Petition. He first alleges that his Fourth and Fourteenth Amendment rights were violated when the state court denied his motion to suppress "data extracted from cellphones seized under an unconstitutional warrant." (Doc. 1-1). Petitioner also says he was deprived of his right to a preliminary

hearing pursuant to the Arizona Constitution and Arizona Rules of Criminal Procedure. (Doc. 1 at 7).  On December 12, 2024, Respondents filed their Limited Answer to Petition for Writ of Habeas Corpus ("Answer") (Doc. 10).  On January 9, 2025, Petitioner filed a Motion Requesting an Order Barring Supplemental Answer by Respondent (Doc. 11), which the Court denied on January 13, 2025 (Doc. 12).  The R&R notes that Petitioner did not file a reply to the Petition and the time to do so had expired. (Doc. 13 at 2).

In her R&R, Judge Fine concluded that Petitioner's Fourth Amendment claim is barred under *Stone v. Powell*, 428 U.S. 465 (1976) because Petitioner had a full and fair opportunity to litigate the claim in state court.  (Doc. 13 at 12).  She also explained that "Petitioner's citation to the Fourteenth Amendment's Due Process Clause in his affidavit in support of his Ground One claim does not constitute a separate cognizable claim." (Doc. 13 n.7).  She explained that the Fourth Amendment is applicable to the States via the Fourteenth Amendment's Due Process Clause, and where the claim is that law enforcement unconstitutionally seized and searched cell phones, the claim is one under the Fourth Amendment.  (*Id*.)

With regard to Ground Two, Judge Fine agreed with Respondents that Petitioner's claim was not cognizable under federal habeas law because it only presented issues of state law.  (*Id*. at 12–13).

**II.    Petitioner's Objection and Proposed Reply Brief**

Petitioner's Objection primarily takes issue with the fact that Judge Fine reached her conclusions without considering arguments he made in a reply brief Petitioner says he provided "to the prison librarian to be filed with the court through the Electronic Case Filing (ECF) system" on January 9, 2025, but was never filed.  (Doc. 14 at 1–3; *see also* Doc. 14 at 7 (copy of form for Request/Authorization for Electronic Filing identifying "Reply to Respondent's Answer" as document name for submission).[1]  Petitioner attaches a copy of his proposed Reply to his Objection and asks the Court to instruct the Clerk to

---

[1] The docket reflects that "Plaintiff's Motion Requesting Order Barring Supplemental Answer by Respondent" was filed on January 9, 2025 (Doc. 11).

file the Reply *nunc pro tunc* and remand to the magistrate judge for reconsideration de novo. (*See* Doc. 14 at 17).

Respondents' Response states that "[r]egardless of whether Soliven's reply was properly filed, it would not have made a difference to the Magistrate Judge's determination that Soliven's claims were non-cognizable in these federal habeas proceedings." (Doc. 15 at 2). Petitioner subsequently moved to strike Respondents' Response on the grounds that it "creates an unfair procedural advantage, as it allows them to argue against a Reply that was never part of the R&R's analysis." (Doc. 16 at 3).

### III.   Standards and Discussion

Upon timely objection of a magistrate judge's findings and recommendation, a district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.*

As an initial matter, Petitioner's Objection largely does not complain about any portions of the R&R or specific proposed findings or recommendations Judge Fine made therein. Instead, Petitioner generally objects that Judge Fine did not consider Petitioner's Reply, which he contends was submitted for filing on January 9, 2025, but never actually filed. It is unclear to the Court why the Reply, which appears to be identified on the Request/Authorization of Electronic Filing form, was not filed along with Petitioner's "Motion Requesting an Order Barring Supplemental Answer by Respondent" on January 9, 2026. The Court has accordingly reviewed the contents of the Reply that Petitioner has attached as Exhibit A to his Objection. (Doc. 14 at 8–17).[2] A review of the Reply,

---

[2] The Court declines Petitioner's request to remand his Petition to the Magistrate Judge for consideration of his unfiled Reply. Pursuant to its *de novo* review, this Court will instead independently assess whether the points made in the Reply warranted habeas relief. Petitioner's Motion to Strike those portions of Respondents' Response that purport to respond to Petitioner's proposed Reply brief is also denied. When Petitioner attached the proposed Reply to his Objection, Respondents were properly within their rights to respond to the assertions therein.

however, does not expose any error in the Magistrate Judge's R&R or otherwise persuade the Court that different conclusions should have been reached.

Petitioner's Reply first says the *Stone* doctrine does not apply to his Fourth Amendment claim because he was not afforded a "full and fair" opportunity to litigate his claim in the state court. Petitioner says the record shows "clearly that the case agent committed perjury during the search warrant suppression hearings, on more than one occasion." (Doc. 14 at 11). But Petitioner improperly conflates his right to a full and fair opportunity litigate with his desire to get a favorable ruling on his motion to suppress. The R&R explained in detail the extensive opportunities Petitioner had to litigate this claim—including that the superior court held four hearings on his motion to suppress and allowed him to file supplemental briefing on emerging case law. (Doc. 13 at 10). He was also allowed, and did, raise the argument that the cell phones were unlawfully seized on appeal. The arguments Petitioner raises in his proposed Reply brief do not change Judge Fine's conclusion that Petitioner was afforded a full and fair opportunity to litigate his Fourth Amendment claim. His Ground One claim is precluded on habeas review under the *Stone* doctrine.

Petitioner also argues in his proposed Reply that his failure to receive a preliminary hearing before a magistrate judge was a violation of his due process rights under the United States Constitution, not just a violation of state law. (Doc. 14 at 13). But Petitioner did not make that argument in his Petition. (*See* Doc. 1 at 4 ("Grounds Raised: Constitutional violation of Ariz. Cont. Art. II § 30, defendant's right to Preliminary Hearing during probably cause stage, resulting in Fundamental Error."); *id*. at 7 ("the State violated the Arizona Constitution and procedural rules by going before a grand jury, securing an indictment and vacating the date scheduled for Preliminary Hearing thereby denying Appellant his rights."); (Doc. 1-2 at 2 (Petitioner's Judicial Notice Pursuant to Ariz. R. Evid. Rule 201)). Moreover, in Petitioner's review of the superior court's denial of his PCR petition, he cited only Arizona law regarding the lack of a preliminary hearing. (Doc. 1-3 at 18–35; *see also* Doc. 10-3 at 58–65; Doc. 10-4 at

5-11). Errors of state law are not cognizable in habeas proceedings. *Swarthout v. Cooke*, 562 U.S. 216, 219 (2011) ("We have stated many times that federal habeas corpus relief does not lie for errors of state law.") (quotation marks and citations omitted). Petitioner's claim, as stated, is non-cognizable on federal habeas review because it does not assert that he is in custody in violation of the United States Constitution or its law or treaties.

Petitioner's Reply also asserts a new claim of actual innocence. (Doc. 14 at 10). To the extent Petitioner attempts to newly offer it as a ground for review in a Reply brief and/or objection to an R&R, the Court will not consider it. *See United States v. Howell*, 231 F.3d 615, 621 (9th Cir. 2000). Even if it were to consider the claim, however, Petitioner has not met its high standards. Notably, neither the Supreme Court nor the Ninth Circuit has resolved whether a freestanding claim of actual innocence is legally cognizable. *McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013); *Herrera v. Collins*, 506 U.S. 390, 400 (1993); *Jones v. Taylor*, 763 F.3d 1242, 1246 (9th Cir. 2014). However, even if such a right exists, "the threshold for a freestanding claim of innocence would have to be 'extraordinarily high'" and "contemplates a stronger showing than insufficiency of the evidence to convict." *Carriger v. Stewart*, 132 F.3d 463, 476 (9th Cir. 1997) (quoting *Herrera*, 506 U.S. at 417). The Ninth Circuit has held that "at a minimum, the petitioner must 'go beyond demonstrating doubt about his guilt, and must affirmatively prove that he is probably innocent.'" *Jones*, 763 F.3d at 1246 (quoting *Carriger*, 132 F.3d at 476). "Evidence that merely undercuts trial testimony or casts doubt on the petitioner's guilt, but does not affirmatively prove innocence, is insufficient to merit relief on a freestanding claim of actual innocence." *Jones*, 763 F.3d at 1251. Here, Petitioner fails to present *any* new, additional evidence establishing actual innocence in his Petition or his proposed Reply.

In accordance with the above,

**IT IS ORDERED** that Petitioner's Objections (Doc. 14) are **overruled** the R&R (Doc. 13) is **adopted**. Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) is **denied and dismissed with prejudice**.

**IT IS FURTHER ORDERED denying** a Certificate of Appealability in this matter, as the Court finds that Petitioner has not made a substantial showing of the denial of a constitutional right.

**IT IS FURTHER ORDERED** that Petitioner's Motion to Strike Respondents' Response (Doc. 16) is **denied** and Petitioner's Motion for Status Updated (Doc. 19) is **granted**, as stated herein.

**IT IS FINALLY ORDERED** that the Clerk of Court shall terminate this action and enter judgment accordingly.

Dated this 5th day of March, 2026.

Honorable Diane J. Humetewa
United States District Judge

- 6 -